UNITED STATES DISCTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FIRST FEDERAL AVENUE, LLC<br>　　Plaintiff,<br><br>　　v.<br><br>CITY OF QUINCY and BRIAN PALMUCCI,<br>　　Defendants. | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 19-11827 |

## COMPLAINT

This Complaint is an action for a violation of and injunctive relief under M.G.L. c. 40A, Section 3, a violation of the federal Fair Housing Act as Amended, a violation of M.G.L. c. 151B, a violation of 804 CMR Section 2.00 et seq., and violation of the Americans with Disabilities Act.

## PARTIES

1. The Plaintiff, First Federal Avenue, LLC ("First Federal"), is a limited liability company with an address of 49 Observatory Way, Marshfield, MA 02050.

2. The Defendant, City of Quincy (the "City"), is a municipality with the Mayor's Office located at City Hall 1305 Hancock Street Quincy, MA 02169.

3. The Defendant, Brian Palmucci, is a City Councilor with a work address of City Hall 1305 Hancock Street Quincy, MA 02169.

## JURISDICTION

4. This Court has personal and subject matter jurisdiction as both the Plaintiff and Defendants are residents and/or located in Massachusetts and this matter concerns claims under the federal Fair Housing Act as Amended and the Americans with Disabilities Act.

## FACTS

5. First Federal operates a sober home at 168-170 Federal Street, Quincy, MA (the "Property") for disabled individuals in recovery from substance abuse called the "Patriot House."

6. The Property is a 3 family home with a traditional single family living on the 3rd floor and the first two floors being occupied by 5 unrelated disabled individuals in each unit.

7. The Patriot House was certified by MASH.  MASH is a nonprofit corporation (501 c3), incorporated on February 23, 2016.  MASH exists to ensure and promote critical management, operational, and ethical standards of sober homes, as well as to promote technical assistance to new and existing homes.  MASH receives support and guidance from the Massachusetts Department of Public Health.  MASH has over 150 certified sober homes in the Commonwealth with over 2000 beds.  These sober homes are voluntary members of MASH, which certifies said sober homes as a condition of membership.  Certification by MASH also provides members with access to referrals from state agencies.  The certification process involves a review of operational paperwork, disclosures, and an on-site inspection to confirm compliance with MASH certification standards.

8. On or about October 17, 2017, the City of Quincy passed Order No. 2017-139 (the "Ordinance").  See Exhibit A hereto.

9. The Ordinance imposes requirements, limitations and barriers to housing for individuals in recovery who are disabled/handicapped under State and Federal law that are not imposed upon families or other groups of the same or similar size living in the same or similar manner.

10. On July 29, 2019, the City of Quincy conducted an unannounced inspection of the Property with the Quincy Building Inspector, Fire Inspector and a Quincy Detective.  Inspector Anderson and Detective Folan told the residents of the first and second floors (disabled individuals) that they needed to come in and check for smoke detectors.  There was no inspection of the third floor.  Violations were written up for the first and second floors only.

11. On Friday August 2, 2019, during a walk through of the Property by Quincy Building Inspector Jim Anderson and Quincy Police Detective Mark Folan, Detective Folan stated to Jeff Sampson, who was working for First Federal, "if you don't start working with us, I'm gonna hammer you."

12. City of Quincy representatives have issued building code violations for the Property and told representatives of First Federal that they needed to complete and submit Sober Living House Registration paperwork.  See Exhibit A hereto.

13. City of Quincy representatives condemned the property because of repairs needing to be completed to the second means of egress at the Property (the rear staircase).

14. Building Inspector Jim Anderson originally took the position that the all three units of the Property needed to be vacated, then only the 2nd and 3rd floors

because the 1st floor did not need use of the staircase.  The 2nd floor occupants left the Property as instructed but the family living on the 3rd floor refused.   First Federal has filed reports with the Quincy Police Department to document that the 3rd floor occupants have refused to vacate the Property.  The City of Quincy took no action to cause the family occupying the 3rd floor of the Property to vacate.

## COUNT I
## (MGL c. 40A, Section 3)

15.  Plaintiff incorporates and restates herein paragraphs 1-14 supra.

16.  MGL c. 40A, Section 3, states, in part, as follows: "Notwithstanding any general or special law to the contrary, local land use and health and safety laws, regulations, practices, ordinances, by-laws and decisions of a city or town shall not discriminate against a disabled person. Imposition of health and safety laws or land-use requirements on congregate living arrangements among non-related persons with disabilities that are not imposed on families and groups of similar size or other unrelated persons shall constitute discrimination. The provisions of this paragraph shall apply to every city or town, including, but not limited to the city of Boston and the city of Cambridge."

17.  First Federal provides congregate living arrangements among non-related persons with disabilities at the Property.

18.  The Ordinance imposes health and safety laws or land-use requirements on congregate living arrangements among non-related persons with disabilities that are not imposed on families and groups of similar size or other unrelated persons.

19.  Under MGL c. 40A, Section 3, the Ordinance constitutes discrimination.

20.  First Federal has been damaged by said discrimination by, *inter alia*, its having to be subjected to rules and requirements not imposed on "families" or groups of similar size and in incurring costs to comply with said Ordinance because of its association with disabled individuals.

WHEREFORE, Plaintiff prays for an order declaring that the Ordinance violates MGL c. 40A, Section 3, for an injunction prohibiting enforcement of the Ordinance, and damages, including the payment of attorney fees, costs and losses incurred as a result of said discrimination.

## COUNT II
## (Fair Housing Act)

21.  Plaintiff incorporates and restates herein paragraphs 1-20 supra.

22. Plaintiff provides housing to disabled/handicapped individuals who reside or intend to reside in Quincy at the Property.

23. On or about September 5, 2017, Brian Palmucci and others on behalf of the City of Quincy proposed an ordinance to regulate and require a license for sober housing for individuals "handicapped under the Federal Fair Housing Act Amendments of 1988" (the "Proposed Ordinance").

24. On September 20, 2017, Brian Palmucci sent a letter to neighbors of existing sober houses in the City of Quincy in support of the regulation of sober housing and taking the position that, "[Brian Palmucci] ha[s] in the past supported the opening of sober homes in areas of the City that could support them; I would not agree that in the middle of a residential neighborhood is a good location."

25. On October 16, 2017, a City Council hearing was held concerning the Proposed Ordinance.

26. Brian Palmucci and other City Councilors spoke on October 16, 2017 in favor of the Proposed Ordinance and City Councilors present suggested that sober housing was not appropriate for residential neighborhoods, that they would like limits on sober housing, and they would like information on sober houses prior to them opening in the City.

27. On October 16, 2017, neighbors spoke against the opening of sober housing in residential neighborhoods in the City of Quincy.

28. On October 16, 2017, a State Senator and the City of Quincy Solicitor publically advised the City Councilors in attendance, including Briam Palmucci, that the Proposed Ordinance was not allowable under applicable law.

29. The City of Quincy and Brian Palmucci, through their actions and those their agents/employees, *supra*, and intentional conduct and/or willful ignorance of applicable laws that require that congregate living arrangements among the disabled be treated the same as single family occupancies and/or their failure to treat the Plaintiff and their residents equally with those who are not disabled, and as a result of discriminatory statements, discriminatory conduct and/or discriminatory intentions, are liable under and/or in violation of the Fair Housing Act.

30. The City of Quincy and Brian Palmucci have violated the Plaintiff's rights under the Fair Housing Act and their implementing regulations by:

   a. denying and otherwise making housing unavailable to the Plaintiff and/or those who they support because of their association with and provision of housing to the disabled;

      b. requiring licensing and/or registration to identify, discriminate against and/or exclude the type of housing provided by the Plaintiff's members because of the disability of the occupants;

      c. enforcing discriminatory rules and internal policies on the Plaintiff's members because of their association with the disabled;

      d. interfering with the rights of the occupants of the members' properties to live in the dwelling of their choice;

      e. targeting the Plaintiff's members because of their association with the disabled and the exercise of their fair housing rights; and

      f. making coercive statements to cause fear and/or to pressure the Plaintiff to limit and/or prevent the provision of housing to the disabled.

    31. The City of Quincy and Brian Palmucci's conduct in seeking to exclude disabled individuals from residential neighborhoods by creating a licensing/registration process and/or in targeting sober homes is discriminatory towards and has damaged the Plaintiff.

    WHEREFORE, Plaintiff prays for: 1) a temporary and/or preliminary injunction against the Defendants, and their agents and employees from imposing requirements and/or refusing to allow Plaintiff to provide housing to the handicapped on equal terms as that available to those who are not disabled; 2) a finding that the Ordinance violates the Fair Housing Act; and 3) damages to be proven at trial against the City of Quincy and Brian Palmucci for their disparate impact and/or intentionally discriminatory conduct, for direct and indirect damages, consequential damages, punitive damages, attorney fees, costs and losses.

**COUNT III**
**(Americans with Disabilities Act)**

    32. Plaintiffs incorporate and restate herein paragraphs 1-31 supra.

    33. The Plaintiff is associated with and/or facilitates housing to people with disabilities as defined in 42 U.S.C. 12102(2).

    34. The City of Quincy is a public entity pursuant to 42 U.S.C. 12131(1).

    35. The actions of the City of Quincy seek to exclude or impair the use of properties with the City by the disabled and violates the rights of the Plaintiff and/or their members under the Americans with Disabilities Act and the regulations promulgated thereunder by:

      a. denying the individual occupants who are in recovery from alcoholism and/or substance abuse the opportunity to participate in or benefit from the supportive housing programs offered by the Plaintiff's members;

   b. using City of Quincy internal policies and methods of administering the code through laws and regulations with the purpose of subjecting the Plaintiff's members to discrimination based upon their provision of housing to the handicapped and/or their handicap;

   c. subjecting the Plaintiff and/or its members because of their association with the disabled to discriminatory practices and enforcement of the law;

   d. utilizing permitting, licensing and code requirements to provide State code enforcement services that are not equal to groups of related non-disabled persons; and

   e. utilizing permitting, licensing and code requirements, that are not imposed upon other groups of related non-disabled persons, to deny Plaintiff and/or the intended occupants of the member properties the enjoyment of their rights.

  36.  The City of Quincy's conduct in seeking to exclude disabled individuals from residential neighborhoods and in instituting a licensing/registration requirement for sober housing for the handicapped failing is discriminatory towards and has damaged the Plaintiff and/or its members.

  WHEREFORE, Plaintiff prays for: 1) a temporary and/or preliminary injunction against the Defendants, and their agents and employees from imposing requirements and/or refusing to allow Plaintiff's members to provide housing to the handicapped on equal terms as that available to those who are not disabled; 2) a finding that the Ordinance violates the Fair Housing Act; and 3) damages to be proven at trial against the City of Quincy and Brian Palmucci for their disparate impact and/or intentionally discriminatory conduct, for direct and indirect damages, consequential damages, punitive damages, attorney fees, costs and losses.

### COUNT IV
### (M.G.L. c. 151B, and
### 804 CMR Section 2.00 et seq.)

  37.  Plaintiff incorporates and restates herein paragraphs 1-36 supra.

  38.  The City of Quincy and Brian Palmucci have violated the Plaintiff's rights under M.G.L. c. 151B and its implementing regulations by:

   a. denying and otherwise making housing unavailable to the Plaintiff and/or those who they support because of their association with and provision of housing to the disabled;

    b.  requiring licensing and/or registration to identify, discriminate against and/or exclude the type of housing provided by the Plaintiff's members because of the disability of the occupants;

    c.  enforcing discriminatory rules and internal policies on the Plaintiff because of their association with the disabled;

    d.  interfering with the rights of the Plaintiff to provide housing to the disabled; and

    e. targeting the Plaintiff's members because of their association with the disabled and the exercise of their fair housing rights.

  39.  The City of Quincy, and its agents and employees for which it is liable, and Brian Palmucci's conduct in seeking to exclude disabled individuals from residential neighborhoods by creating a licensing/registration process, taking discriminatory action, making coercive statements, and enforcing discriminatory policies is discriminatory towards and has damaged the Plaintiff.

  WHEREFORE, Plaintiff prays for: 1) a temporary and/or preliminary injunction against the Defendants, and their agents and employees from imposing requirements and/or refusing to allow Plaintiff's members to provide housing to the handicapped on equal terms as that available to those who are not disabled; 2) a finding that the Ordinance violates the Fair Housing Act; and 3) damages to be proven at trial against the City of Quincy and Brian Palmucci for their disparate impact and/or intentionally discriminatory conduct, for direct and indirect damages, consequential damages, punitive damages, attorney fees, costs and losses.

Dated this 26th day of August 2019.

First Federal Avenue, LLC,
By its Attorney,

*/s/Andrew J. Tine*
Andrew J. Tine (BBO633639)
Law Offices of Andrew J. Tine
18 Maple Avenue, #267
Barrington, RI 02806
atine@tinelaw.com
401-396-9002 – Tel.